**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Kenneth Woodworth,** | ) | **CASE NO. 1:15 CV 1685** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Time Warner Cable, Inc., et al.,** | ) | |
| | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff Keith Woodworth's Motion to Remand to the Ashtabula County Court of Common Pleas (Doc. 10). This case arises out of plaintiff's termination from employment with defendant Time Warner Cable, Inc. For the reasons that follow, plaintiff's motion to remand is GRANTED.

**FACTS**

Plaintiff, Keith Woodworth, filed this action in state court against defendants, Time Warner Cable, Inc. and Jennifer Hanson. Plaintiff worked for Time Warner as a service

1

technician from February 5, 1996 until May 11, 2015. According to plaintiff's complaint, Time Warner promoted Hanson to serve as plaintiff's direct supervisor in January 2015. At this time, plaintiff was 51 years old. Plaintiff alleges that almost immediately after Hanson's promotion, she began making comments related to his age, referring to him as a "dinosaur" and noting that he was "getting up in age" and "slowing down." Plaintiff also claims that Hanson repeatedly asked him about his anticipated retirement date from Time Warner. Despite plaintiff's complaints to Hanson about the remarks and his requests for her to stop, he maintains that she did not stop making age-related remarks to him and continued to push him for a retirement date.

Plaintiff asserts that in February 2015, he asked Hanson for a new Time Warner hard hat because the strap on his hat had broken and he was unable to keep it on his head when he went on service calls. Hanson allegedly refused to honor plaintiff's request and never followed up with him about it. Instead, plaintiff claims that defendants disciplined him on April 29, 2015, for not wearing the malfunctioning hard hat. Almost immediately after this write-up, Time Warner contacted plaintiff about additional false allegations against him and thereafter terminated him. Plaintiff claims that defendants filled his position with an employee who is substantially younger than him.

Defendants filed a notice of removal on the grounds that diversity jurisdiction exists over this matter. Although there is no diversity of citizenship between plaintiff and Hanson, defendants contended in their notice that removal is appropriate because plaintiff fraudulently joined her as a defendant to defeat diversity. Plaintiff now moves to remand to state court. Defendants oppose the motion to remand.

**ANALYSIS**

Under 28 U.S.C. § 1447(c), cases originally filed in a state court must be remanded if, at any time before trial, it appears that the federal district court to which they were removed lacks subject matter jurisdiction. *Coyne v. The American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999) ("[I]n a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory."). For this Court to have subject matter jurisdiction based on diversity, complete diversity must exist at the time of removal. *Id*. at 492. However, the "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Id*. at 493. The party seeking removal bears the burden of establishing diversity jurisdiction. To establish fraudulent joinder, the "removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Id*. The relevant inquiry is whether there is a "colorable basis for predicting that a plaintiff may recover against [a defendant]." *Id*. Any doubt as to whether removal is proper must be resolved in favor of remand. *Id*.

"When deciding a motion to remand, including fraudulent joinder allegations, [courts] apply a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (*citing Walker v. Philip Morris USA, Inc.*, 443 Fed. Appx. 946, 952-54 (6th Cir. 2011)).[1] A court may "pierce the

---

[1] The Sixth Circuit has not explicitly stated whether district courts assessing fraudulent joinder should consider the plaintiff's claims in light of the federal or state pleading standard (if they differ). *See Jackson v. Cooper Tire & Rubber Co.*, 57 F. Supp. 3d 863, 868 (M.D. Tenn. 2014) (holding that state pleading standard applies). Because there is a "colorable basis" for predicting that plaintiff could recover against Hanson under either the Ohio notice pleading standard or the more stringent federal *Twombly* standard, the Court need not decide this issue.

3

pleading" and consider evidence "such as affidavits presented by the parties...for the limited purpose of determining whether there are undisputed facts that negate the claim." *Id*. (quotations omitted). Here, the parties have not submitted any material outside the pleadings.

Plaintiff has brought four claims against Hanson under Chapter 4112 of the Ohio Revised Code: two counts of age discrimination in violation of § 4112.02(N), one count of aiding and abetting age discrimination in violation of § 4112.02(J), and one count of retaliation in violation of § 4112.02(I). The Court will begin with plaintiff's aiding and abetting claim because that claim is dispositive of his motion to remand.

Ohio Rev. Code § 4112.02(J) makes it unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice." Defendants argue that plaintiff has no colorable claim against Hanson for aiding and abetting because he has not pled any facts to show that Hanson was his supervisor and had the authority to effect a significant change in his employment status or take a tangible employment action that caused him direct economic harm. They also argue that he has failed to plead any facts that Hanson intentionally assisted, encouraged, or incited any acts of unlawful discrimination against him.

Defendants' first argument is without merit because nothing in § 4112.02(J) limits aiding and abetting claims to claims against supervisors. To the contrary, the section states that it is unlawful for "*any person*" to aid and abet discriminatory conduct. Ohio Rev. Code § 4112.01(A)(1) defines "person" broadly to include both managers and employees. According to

4

the Ohio Supreme Court, when interpreting a section of the Revised Code, a court must give effect to every word and clause in the statute and avoid a construction that would render any term meaningless. *Carna v. Teays Valley Local Sch. Dist. Bd. of Edn.*, 131 Ohio St. 3d 478, 483 (2012). When the meaning of a statute is clear and unambiguous, a court should apply it as written. *In re M.W.*, 133 Ohio St. 3d 309, 313 (2012). Applying these principles to § 4112.02(J), there is at the very least a colorable basis for predicting that plaintiff will prevail in arguing that this section applies to non-supervisor employees. If the section were interpreted to apply to only supervisors and managers, such a construction would render the term "employee" meaningless in § 4112.01(A)(1)'s definition of "person." Moreover, as a remedial statute, Chapter 4112 is to be liberally construed to promote its purpose of eliminating discrimination. *Elek v. Huntington Nat'l Bank*, 60 Ohio St. 3d 135, 137 (1991).

The only Ohio court to squarely address whether § 4112.02(J) applies to non-supervisory employees held that it does. In *Vandiver v. Morgan Adhesive Co.*, Ohio's Ninth District Court of Appeals held that the trial court erred in dismissing the plaintiff's aiding and abetting claim against his non-supervisory co-workers. 126 Ohio App. 3d 634, 642 (Ohio Ct. App. 1998). In doing so, the court reasoned that the definition of "person" in § 4112.01(A)(1) includes both managers and employees. Defendants argue that *Vandiver* is inapplicable because it was decided before the Ohio Supreme Court's decision in *Genaro v. Central Transport, Inc.*, where the court concluded that Ohio Rev. Code § 4112.02(A) creates liability against individual supervisors and managers for their own discriminatory conduct in the workplace. 84 Ohio St. 3d 293, 300 (1999). But *Genaro* was interpreting a section that provides for liability for "employers," not "persons." Under § 4112.02(A), it is unlawful "[f]or any *employer*" to discriminate in the terms of

5

employment.

If anything, the fact that § 4112.02(J) applies to "any *person*" indicates the legislature's intent that the statute be applied more broadly than § 4112.02(A).[2] The Ohio Supreme recently recognized this in *Hauser v. Dayton Police Dept.*:

> Even though R.C. 4112.02(A) imposes liability only upon an "employer," the General Assembly knows how to expressly impose liability on individuals, and it has done so elsewhere in R.C. 4112.02. For example, ever since it first enacted R.C. Chapter 4112 in 1959, the General Assembly has declared it unlawful for "any person" to "aid abet, incite, compel[,] or coerce the doing of *** an unlawful discriminatory practice."

140 Ohio St. 3d 268, 271 (citing Ohio Rev. Code § 4112.02(J)) (noting that § 4112.02(J) "holds individual employees liable for their participation in discriminatory practices").

Defendants' argument that plaintiff did not allege that Hanson intentionally assisted, encouraged, or incited any acts of unlawful discrimination against him is also not well-taken. Under Ohio law, an individual is an aider and abetter if he "knowingly does something which he ought not to do ... which assists or tends in some way to affect the doing of the thing which the law forbids." *Luke v. City of Cleveland*, 2005 WL 2245187 at * 8 (N.D. Ohio Aug. 22, 2005) (citing *State v. Stepp*, 117 Ohio App. 3d 561, 568 (Ohio Ct. App. 1997) (interpreting § 4112.02(J)). Here, plaintiff alleged that Hanson continually made comments to him about his age and his anticipated retirement date. He further alleged that she refused to honor his request for a

---

[2] For the same reason, defendants' citation to *Caiazza v. Mercy Medical Center* is unpersuasive. In *Caiazza*, the court held that the complaint failed to state an aiding and abetting claim against individual defendants because it did not contain any allegations of "any participation in the decision to terminate" or that the individual defendants "ma[de] the actual decision to terminate." 2014 WL 2466313, at *5 (Ohio Ct. App. May 27, 2014). *Caiazza*, though, cited to *Genaro* for the proposition that § 4112.02(J) applies to supervisors and managers.

6

new hard hat when he informed her that the strap on his hat was broken. Plaintiff was written up and disciplined for his failure to wear his malfunctioning hat and was terminated almost immediately thereafter. After his termination, defendants replaced plaintiff with a substantially younger employee. Finally, plaintiff alleges that Hanson "aided, abetted, incited, compelled and/or coerced discriminatory treatment" against him.[3] Construed in a light most favorable to plaintiff, Hanson's refusal to issue a hard hat prompted the decision to terminate plaintiff and replace him with a younger employee. Thus, her action "tend[ed]...to affect the doing of the thing which the law forbids." *Id.*

For purposes of analyzing fraudulent joinder, the Sixth Circuit applies a standard even more deferential than that applied to motions to dismiss filed under Rule 12(b)(6). Given that any doubt must be resolved in favor of remand, the Court finds that defendants fail to establish that plaintiff fraudulently joined Hanson in this action.

**CONCLUSION**

For the foregoing reasons, Plaintiff Keith Woodworth's Motion to Remand to the Ashtabula County Court of Common Pleas (Doc. 10) is GRANTED.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
      PATRICIA A. GAUGHAN
      United States District Judge

Dated: 11/2/15

---

[3] Plaintiff "lumps" all defendants together in his aiding and abetting count, but because Time Warner cannot aid and abet itself, the Court will construe these allegations as against Hanson.